## L. C. WOODARD *v.* AARON ISHAM.

### *Domicile.    Taxes.    School District.*

The plaintiff moved with his family from his own farm in one school district, on to the town farm in an adjoining school district, under a contract to carry on the latter farm one year, intending to make and so making it his home for the year, and so continued for two years thereafter under a renewal of the contract. *Held* that this constituted him an inhabitant of the latter district within the meaning of the statute, for taxation purposes, although he carried on his own farm during the time, and intended to return there after fulfilling said contract, and claimed that as his residence all the time.

THIS was an action of replevin for one horse, taken by the defendant on the 13th of July, 1868.   The defendant justified the taking under an avowry that he was collector of School District No. 8, in the town of Concord, for the years 1866, 1867, and 1868, and that said horse was taken by him to satisfy taxes assessed in said school district for said years.   The plaintiff's replication was, that said taxes were improperly assessed against him.   Said issue was tried by the court at the March term, 1870, STEELE, J., presiding.   Said taxes were assessed upon the poll of the plaintiff in District No. 8, and the only question made by the plaintiff against the legality of said taxes was, that he was not an inhabitant of District No. 8, and that he was not liable to taxation in that district, but that he was an inhabitant of, or had his residence in, District No. 7, in Concord, and that he was liable to taxation for school district purposes in District No. 7.

Upon the facts found on the trial, which are fully stated in the opinion, except that it also appeared that the defendant all the while claimed his residence to be in No. 7, the court rendered judgment for the plaintiff for one cent damages and his costs, to which the defendant excepted.

*Burns & Heywood*, for the defendant.

*Ross & Smith*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J.   The only question in this case is, whether the plaintiff was taxable in School District No. 8, in Concord, for the years 1866, 1867, and 1868.   The taxes in question were assessed upon the poll of the plaintiff, in said district, for said years.

Section 43 of chapter 22 of the General Statutes provides that school districts may, by vote, raise money by a tax on the lists of the *inhabitants* of such districts, for the purposes named in that section, as may be judged necessary or expedient.   The plaintiff denies that he was, during the whole or any part of either of said years, an *inhabitant* of District No. 8, and claims that he was, during all that time, an *inhabitant* of School District No. 7, in said town, and taxable in the latter district.   But the facts disclosed by the bill of exceptions do not support the plaintiff's action.   On the 19th of March, 1866, the plaintiff, with his family, left School District No. 7, and moved on to the town farm, in District No. 8, under a contract to carry it on for the term of one year.   They lived on that farm and carried it on during that year, in fulfillment of the contract.   The plaintiff, with his family, moved there for that purpose, intending that the town farm in No. 8 should be their home and residence during that year.   This constituted the plaintiff an inhabitant of District No. 8, within the meaning of the statute.   And for the same purpose, under similar contracts and with like intentions, the plaintiff, with his family, lived on said farm the second and third years, and the facts show that he was an inhabitant of District No. 8 during the three years for which said taxes were assessed.   The case states that the plaintiff, at the same time, carried on and controlled his own farm in District No. 7 ; that during the haying and harvesting seasons, he, with some of his family, occupied his house in No. 7, to do the work there, the rest of the family living on the town farm and taking charge of it at the same time, and that he intended all the time to return to reside on his farm in No. 7, when he should get through carrying on the farm in No. 8.   But all this does not tend to show that the plaintiff was an inhabitant of District No. 7 during any of the time for which said taxes were assessed.   He was temporarily on his farm in No. 7, for the purpose merely of

doing the work on that place, intending to return to the town farm in No. 8, that being his fixed abode and that of his family, during the term of each of said contracts ; and having performed the labor which caused him to be temporarily from the town farm, he returned to it as his habitation and family establishment. His intention, all that time, to return and reside on his own farm in No. 7, when he had got through with his contract' to carry on the town farm, did not make him an inhabitant of No. 7, or affect his relation, rights, or liability as an inhabitant of No. 8, while he lived there, under the circumstances of the case. Not only the district, but the plaintiff himself, could justly claim that he was, during that time, an inhabitant of No. 8, and the listers, in discharge of their duty, set his said list in that district.

The judgment of the county court is reversed, and judgment for the defendant for return of the property, nominal damages and his costs.